## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

COLWELL CONSULTING LLC,

      **Plaintiff,**

v.

MICHAEL PAPAGEORGE AND
PPG CONSULTING LLC,

      **Defendants.**

**Court No. 2:24-cv-01824-JCG**

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiff's Expedited Motion to Set Bond for Temporary Restraining Order filed by Plaintiff Colwell Consulting LLC ("Plaintiff" or "Colwell").  Pl.'s Expedited Mot. Set Bond TRO ("Plaintiff's Motion" or "Pl.'s Mot.") (Doc. 21).  Defendants Michael Papageorge and PPG Consulting LLC ("PPG") (collectively "Defendants") filed Defendant's Response to Plaintiff's Expedited Motion to Set Bond for Temporary Restraining Order.  Defs.' Resp. Pl.'s Expedited Mot. Set Bond TRO ("Defs.' Resp.") (Doc. 24).  Plaintiff filed Plaintiff's Reply in Support of Expedited Motion to Set Bond.  Pl.'s Reply Supp. Expedited Mot. Set Bond ("Pl.'s Reply") (Doc. 26).  Also before the Court is Defendants' Notice of No-Objection to Preliminary Injunction and Motion to Vacate Preliminary Injunction Hearing.  Defs.' Notice No-Obj. Prelim. Inj. & Mot.

Vacate Prelim. Inj. Hr'g ("Defendants' Motion" or "Defs.' Mot.") (Doc. 25).  In

response, Plaintiff filed Plaintiff's Response to Defendants' Motion to Vacate

Preliminary Injunction Hearing and Cross-Motion to Hold Defendants in Contempt

for Violating Temporary Restraining Order.  Pl.'s Resp. Defs.' Mot. Vacate

Prelim. Inj. Hr'g & Cross-Mot. Hold Defs. Contempt Violating TRO (Pl.'s Resp.")

(Doc. 29).

## **DISCUSSION**

### I.      **Bond**

The Court issued a temporary restraining order on August 14, 2024.  Op. &

Order (Aug. 24, 2024) (Doc. 20).  Plaintiff moves the Court to set a bond, pursuant

to Federal Rule of Civil Procedure 65(c), for the temporary restraining order.  Pl.'s

Mot.  Plaintiff argues that because the temporary restraining order is narrow and

does not preclude Defendants from all employment, the Court should require no

security, but stipulates that it is willing to post a bond of $5,000.  Pl.'s Mot. at 2–3;

Pl.'s Reply at 1.  Defendants counter that a bond of at least $5,000 should be

imposed because "Defendants [have] serious potential of harm and damages

asserted by Colwell clients who sought to have certain case files transferred to

PPG, received agreement from Colwell for the same after which Colwell

transferred the files, and those clients have now had to terminate their relationship

with PPG and find yet another expert."  Defs.' Resp. at 1.  Federal Rule of Civil

Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The court issuing a temporary restraining order has "discretion as to the amount of security required, if any." Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Jorgensen v. Cassidy, 320 F.2d 906, 919 (9th Cir. 2003)).

During his employment with Colwell, Papageorge signed restrictive covenants prohibiting, in relevant part, the solicitation or acceptance of work from Colwell customers that Papageorge had contact with during his employment and the use of Colwell's proprietary information for the benefit of Papageorge or any other person, partnership, or corporation. Pl.'s Appl. TRO at Ex. 4 at 3–4 (Doc. 6). The temporary restraining order imposed by this Court is narrowly tailored to only prevent Defendants from "directly or indirectly soliciting or accepting work from any client that Papageorge worked with while employed by Colwell Consulting, LLC" and requires Defendants to "immediately identify and segregate any and all information taken by Defendants from Colwell Consulting, LLC and to refrain from utilizing such information." Op. & Order (Aug. 14, 2024). As this Court stated in the temporary restraining order:

> Requiring Defendants to adhere to the restrictive covenants that
> Papageorge entered into at the start of his employment may temporarily
> delay Papageorge's ability to grow PPG but will not completely hinder
> Papageorge's ability to pursue employment. Papageorge would be free
> to accept clients other than those that he worked with while employed
> with Colwell. He could also pursue an alternative career consistent
> with his education and experience, such as teaching or as an inhouse
> engineer.

Id. at 22.

In asking the Court to impose a bond of $5,000 at a minimum, Defendants

concede that they accepted work from Colwell's former clients and that the

damages potentially resulting from the temporary restraining order would be

limited to the loss of those clients. Defs.' Resp. No more than a nominal bond is

necessary to cover costs and damages potentially sustained by Defendants' loss of

business from former Colwell clients because Defendants are free to pursue other

clients not covered by the restrictive covenants. Both Parties have suggested

$5,000 as a reasonable bond in this case. Pl.'s Mot. at 2–3; Defs.' Resp. at 1; Pl.'s

Reply at 1. The Court agrees and will impose a bond of $5,000 as security for the

temporary restraining order.

## II.    Preliminary Injunction

A preliminary injunction hearing is scheduled in this matter for September

17, 2024. Order (Aug. 9, 2024) (Doc. 15). Defendants contend that they now

consent to the entry of a preliminary injunction consistent with terms of the

existing temporary restraining order and ask that the preliminary injunction hearing be cancelled.  <u>See</u> Defs.' Mot.  Plaintiff opposes Defendants' request and alleges that it has become aware through discovery of violations of the temporary restraining order and other contractual violations that should be addressed in the preliminary injunction.  Pl.'s Resp. at 6–8.

Because the Parties do not agree regarding the terms of the preliminary injunction and Plaintiff contends that the restrictions of the temporary restraining order may not be sufficient based on information obtained through discovery, the Court will not convert the temporary restraining order into a preliminary injunction without the benefit of oral argument.  Defendants' motion is denied.

### III.    Contempt

Plaintiff moves the Court to hold Defendants in contempt for misleading the Court and willfully violating the temporary restraining order.  <u>Id.</u> at 8–10. Contempt is a serious sanction that the Court will not impose prior to affording Defendants an opportunity to provide a written response.  The Court will also allow Plaintiff and Defendants to present oral arguments on Plaintiff's Cross-Motion to Hold Defendants in Contempt for Violating the Temporary Restraining Order at the September 17, 2024 hearing.

## **CONCLUSION**

For the above discussed reasons, the Court imposes a $5,000 bond as security for the temporary restraining order.  Defendants' request to convert the temporary restraining order into a preliminary injunction is denied and the September 17, 2024 preliminary injunction hearing shall proceed as scheduled. The Court will defer ruling on Plaintiff's Cross-Motion to Hold Defendants in Contempt for Violating the Temporary Restraining Order until after Defendants have had an opportunity to provide a defense to Plaintiff's allegations.

Accordingly, upon consideration of Plaintiff's Expedited Motion to Set Bond for Temporary Restraining Order, Defendant's Response to Plaintiff's Expedited Motion to Set Bond for Temporary Restraining Order, Plaintiff's Reply in Support of Expedited Motion to Set Bond, Defendants' Notice of No-Objection to Preliminary Injunction and Motion to Vacate Preliminary Injunction Hearing, Plaintiff's Response to Defendants' Motion to Vacate Preliminary Injunction Hearing and Cross-Motion to Hold Defendants in Contempt for Violating Temporary Restraining Order, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff's Expedited Motion to Set Bond for Temporary Restraining Order (Doc. 21) is granted; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post on or before September 13, 2024 a bond of $5,000 with the Clerk of Court as security for the temporary restraining order (Doc. 20); and it is further

**ORDERED** that Defendants' Notice of No-Objection to Preliminary Injunction and Motion to Vacate Preliminary Injunction Hearing (Doc. 25) is denied.  The preliminary injunction hearing shall be held on September 17, 2024 at 9:30 AM MST at the Sandra Day O'Connor U.S. Courthouse; and it is further

**ORDERED** that Defendants shall file their written response to Plaintiff's Cross-Motion to Hold Defendants in Contempt for Violating the Temporary Restraining Order (Doc. 29) on or before September 6, 2024.  Plaintiff and Defendants shall be permitted to make oral arguments on the motion at the September 17, 2024 hearing.

IT IS SO ORDERED this 30th day of August, 2024.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.