WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **COLWELL CONSULTING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL PAPAGEORGE AND PPG CONSULTING LLC,**<br><br>Defendants. | Court No. 2:24-cv-01824-JCG |

## JUDGMENT

Upon consideration of the Parties' Stipulated Motion for Entry of Final Judgment (Doc. 51), Proposed Final Judgment (Doc. 51-1), and all other documents and proceedings in this action, it is hereby

**ORDERED** that the Parties' Stipulated Motion for Entry of Final Judgment (Doc. 51) is granted; and it is further

**ORDERED** that Defendants shall be enjoined as follows until August 15, 2025, or as otherwise agreed between the Parties:

(1) Defendants Michael Papageorge ("Papageorge") and PPG Consulting, LLC (collectively, "Defendants") are prohibited from directly or indirectly soliciting, accepting work from, or servicing the clients of Plaintiff

Colwell Consulting, LLC ("Plaintiff" or "Colwell"), based on a list agreed between the Parties;

(2) Defendants are prohibited from directly or indirectly providing services, offering services, or engaging in targeted communications regarding any services to clients on the agreed list;

(3) Defendants are prohibited from directly or indirectly soliciting, recruiting, attempting to recruit, hiring, or attempting to hire for employment, any personnel of Colwell in any position for a company, enterprise or business that offers similar services to those of Colwell (which shall be deemed to include, without limitation, any existing or prospective employee, consultant, on independent contractor of Colwell or any person who has been such an employee, consultant, or independent contractor within two years prior to the date of this Order), with whom Defendant Papageorge had contact during his employment with Colwell;

(4) Defendants are prohibited from attempting, directly or indirectly, to induce any such personnel of Colwell with whom Defendants had contact during employment with Colwell to leave the employ of, or discontinue such person's consultant, contractor, or other business association with Colwell to join a company or enterprise that offers similar services as Colwell; and it is further

**ORDERED** that Defendants shall be permanently enjoined as follows:

(1) Defendants must immediately and permanently remove any and all information from Colwell from their possession and never attempt to recover or utilize such information in any manner;

(2) Monthly until September 5, 2025, a Certified Public Accountant ("CPA") retained jointly by the Parties and paid for exclusively by Defendants shall inspect Defendants' financial records and determine if Defendants have violated these provisions, related to soliciting, accepting work from, or servicing clients on the list supplied to the CPA by the Parties. Each month, the CPA shall prepare an affidavit that represents either that no violation was found, or that there has been a violation of the Order, including specifics regarding the work accepted by Defendants, the Colwell client(s) from whom the work was accepted, the matter, and the amount of the billings on the matter.  In addition, Defendants shall prepare a monthly affidavit stating that they are in full compliance with the Order or noting any violations of the Order in detail.  Such affidavits will be provided no later than 5:00 PM on the fifth business day of the subsequent month representing activity of the prior month to Plaintiff's counsel.

(3) Defendants are admonished that failure to comply with this Judgment will result in serious consequences, including but not limited to

sanctions. Defendants must comply immediately and in advance bring to the attention of the Court any circumstances for which they feel they will be unable to comply with the full wording and intention of this Judgment.

(4) The Parties have a separate Settlement Agreement and Release of Claims that contains additional terms, and this Settlement Agreement and Release of Claims is not filed but is binding on the Parties as though it is an Order of this Court; and it is further

**ORDERED** that the Parties shall provide a joint status report to the Court on or before September 12, 2025 confirming that the Settlement Agreement and Release of Claims has been satisfied and that this case may be dismissed.

IT IS SO ORDERED this 4th day of November, 2024.

      /s/ Jennifer Choe-Groves
      Jennifer Choe-Groves
      U.S. District Court Judge[*]

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.